[Dkt. Ent. 34]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS GINES-FIGUEROA. | Crim. No. 12-618 (RMB)<br><br>**OPINION** |

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion for reduction of sentence filed by Carlos Gines-Figueroa ("Defendant") on January 26, 2015. [Dkt. Ent. 34.] Defendant seeks a reduction of his sentence by two levels pursuant to 18 U.S.C. § 3582 and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").

I. **Background**

On December 5, 2013, Carlos Gines-Figueroa appeared before this Court and pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. (Judgment [Dkt. Ent. 33]); 21 U.S.C. § 846. As part of the plea agreement, the parties stipulated that Defendant's offense involved between 5 and 15 kilograms of cocaine, which yielded a corresponding Base Offense Level

("BOL") of 32 under the 2012 U.S.S.G.[1] (Plea Agr. at ¶ 2 [Dkt. Ent. 31]); U.S.S.G. § 2D1.1(c)(4).

The parties stipulated that, as of the date of the agreement, the Defendant qualified for a two-level reduction in his offense level for acceptance of responsibility, (Plea Agr. at ¶ 7); U.S.S.G. § 3E1.1(a). They also stipulated that the prosecution would move for an additional one-level reduction in light of Defendant's assistance of authorities in his prosecution. See (Plea Agr. at ¶ 8); U.S.S.G. § 3E1.1(b). The parties agreed that these reductions, if the Court granted the United States' motion concerning Defendant's assistance of the prosecution, would lower Defendant's Total Offense Level ("TOL") to 29.

The parties further stipulated that the Defendant would have a TOL of 27 if the Court found that the Defendant was eligible for a "safety valve" reduction, pursuant to U.S.S.G. § 5C1.2.[2] Finally, in a sentencing agreement forwarded to

---

[1] The version of the U.S.S.G. effective November 1, 2012 was applied at Defendant's sentencing. (See Plea Agr. at ¶ 2.) As discussed below, under the most current sentencing guidelines, the offense level for the offense to which Defendant pled guilty is now 30, pursuant to the adoption of Amendment 782. Unless otherwise noted, all cites to the U.S.S.G. refer to the 2012 version.

[2] Sentencing "safety valves" require the Court to sentence defendants without regard to statutory mandatory minimums. U.S.S.G. § 5C1.2 provides that for offenses under 21 U.S.C. § 846, "the court shall impose a sentence in accordance with the

Probation, the parties stipulated that the Government would not oppose a two-level downward variance by the Court in anticipation of Amendment 782, which, when ultimately adopted, lowered by two levels the base offense level for certain drug offenses, including the one with which Defendant was charged. (See Opp. Br. at Ex. B (March 19, 2014 Stip.).)

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office determined Defendant's TOL was 27. This determination included reductions of two levels for acceptance of responsibility, one level for assistance of his prosecution, and two levels for the safety valve. (See PSR at ¶¶ 41, 42, 47-48, 51, 54; Sentencing Hr'g Tr. at 6:22-8:11.).

At the September 25, 2014 sentencing hearing, based upon the stipulation of the parties and the anticipated future application of Amendment 782, the Court granted counsel for Defendant's request for a two-level downward variance. (Sentencing Hr'g Tr. at 9:9-20.) Accordingly, instead of considering an advisory guideline range of 70 to 87 months

---

applicable guidelines without regard to any statutory minimum sentence, if the court finds that defendant" has met certain criteria concerning his criminal history and the crimes at issue. U.S.S.G. § 5C1.2. Here, the parties stipulated that if the Court found he met the criteria, he would be entitled to a 2-point reduction in his offense level under U.S.S.G. § 2D1.1. See id. (providing for a two-level reduction if the defendant meets the requirements of U.S.S.G. § 5C1.2(a)(1)-(5)); (Plea Agr. at ¶ 9).

3

pursuant to Defendant's TOL of 27, the Court considered the advisory guideline range of 57 to 71 months, which corresponds to offense level 25. (See Sentencing Hr'g Tr. at 9:20-22.) After statements by counsel for Defendant, Defendant, and the United States, the Court sentenced Defendant to a prison term of sixty-five months. (See Sentencing Hr'g Tr. at 18:24-19:4.)

On January 26, 2015, Defendant filed the instant motion for a retroactive sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced in light of the two-level drug offense reduction provided by Amendment 782 to the U.S.S.G.

## II. Standard

A district court may only modify a valid sentence if such authority is conferred by federal statute. Gregory v. Grondolsky, Civ. No. 09-163 (RMB), 2009 WL 2132430, at *3 (D.N.J. July 10, 2009) (citing United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001)). Section 3582(c)(2) sets forth the analysis to be used in reducing an imposed term of imprisonment as a result of the Sentencing Commission's reduction in the advisory guideline range pursuant to 28 U.S.C. § 994(o). Specifically, § 3582(c)(2) states that a district court may, upon consideration of the factors in 18 U.S.C. § 3553(a), reduce a Defendant's sentence in light of a subsequent reduction in the applicable guideline range, if doing so is consistent with the

4

applicable policy statements of the Sentencing Commission. See 18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the U.S.S.G. is a policy statement, applicable to § 3582(c)(2), concerning reductions to a term of imprisonment as a result of an amendment to an advisory guideline range. See U.S.S.G. § 1B1.10. Under § 1B1.10, eligibility for a sentence reduction requires that the amendment be applicable to the defendant and serve to lower the defendant's previously calculated guideline range. Id. Put differently, the defendant must not have previously received a sentence at or below the bottom of the now-amended range (other than due to substantial assistance).

Amendment 782 to the U.S.S.G., effective November 1, 2014, lowered the offense levels for most drug offenses on the 2D1.1 Drug Quantity Table by two levels, including the offense for which Defendant was convicted. See U.S. v. Jones, 605 Fed. Appx. 81, 82 (3d Cir. 2015) (per curiam).[3]

### III. Analysis

Defendant argues that the Court did not consider Amendment 782 during his original sentencing and moves this Court to

---

[3] Although not relevant to the instant motion for reasons discussed below, the effective date on all reductions in sentence pursuant to § 3582(c)(2) and Amendment 782 must be November 1, 2015 or later. U.S.S.G. § 1B1.10(e)(1) (2014 version).

5

reduce his sentence in light of that amendment, pursuant to 21 U.S.C. § 3582(c)(2).[4]  (See Def.'s Mot. at 5.)  Because Defendant was indeed granted a two-level variance in anticipation of Amendment 782, his motion should be denied.

Defendant's motion is premised on two faulty assumptions: (1) that his BOL was 30, and (2) that the application of Amendment 782 was ignored.  Neither of these is accurate.

At the outset of his motion, Defendant contends that "the base offense level was determined, based on that 5 kilograms of cocaine, to be a level 30."  (Def.'s Mot. at 3.)  Following his calculations, Defendant then applies reductions for acceptance of responsibility and assistance of authorities in his prosecution, arriving at an offense level of 27.  (Id.)  Defendant finally reduces his offense level by a further two levels in light of his proffer for a safety valve reduction.  (Id.)  Defendant accordingly arrives at 25 as the total offense level at which he was sentenced,[5] without any consideration of Amendment 782.  He argues that with a further two-level

---

[4] Because Defendant has brought this motion pro se, the Court will construe his submission liberally.  Paris v. Pennsauken Sch. Dist., Civ. No. 12-7355, 2013 WL 4047638 (D.N.J. Aug. 9, 2013); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).

[5] Defendant is indeed correct that the Court, after including all reductions and variances, considered an advisory guideline range corresponding to an offense level of 25: 57 to 71 months.  (Sentencing Tr. at 14:19-24.)

6

reduction from Amendment 782, his offense level would have been 23, yielding an advisory guideline range of 46 to 57 months. (Def.'s Mot. at 5.)

As described above, however, Defendant's BOL was not 30. Defendant pled guilty to conspiracy to distribute and possess with intent to distribute between five and fifteen kilograms of cocaine in violation of 21 U.S.C. § 846.  At the time of the Defendant's sentencing, the applicable BOL pursuant to the 2012 U.S.S.G. for Defendant's conviction was 32.  See U.S.S.G. § 2D1.1(c)(4); (PSR. at ¶ 41.)  Applying the two-level reduction for acceptance of responsibility, the one-level reduction for assistance of authorities and the two-level safety valve reduction, Defendant's TOL became 27, not 25 as he asserts.

Defendant was not sentenced within the advisory guideline range for an offense level of 27, however, because the Court additionally varied downward by two levels in light of Amendment 782.  (Sentencing Hr'g Tr. at 9:16-22.)  In spite of this, Defendant argues that "the current, and imposed, sentence of 65 months does not reflect that this Court included the two (2) level reduction associated with retroactive Amendment 782." (Def.'s Mot. at 4.)  To the contrary, the Court explicitly considered and adopted a two-level downward variance in light of

7

then-pending Amendment 782.[6]  Simply put, Defendant cannot have the benefit of this amendment for a second time.[7]

### IV. Conclusion

For the reasons above, the Court denies Defendant's motion for a reduction of his sentence by two levels pursuant to 18 U.S.C. § 3582(c)(2).  An appropriate Order follows.

DATED: August 25, 2015

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[6] It should be noted that Defendant argues that he was not granted a two-level reduction in his offense level in light of Amendment 782, which is technically correct.  While in advance of the sentencing hearing, Defendant's counsel had described the adjustment in light of Amendment 782 as a reduction, (Def.'s Mot. at Ex. A), the United States and the stipulation of the parties spoke of the adjustment as a two-level variance, (Opp. Br. at Ex. 2, Sched. A.)  At the sentencing hearing, the topic was discussed, and the Court elected to treat the request as a variance.  (Sentencing Hr'g Tr. at 6:6-10.)

[7] Indeed, the parties agreed that if the two-level downward variance was granted, Defendant would not file the exact motion he has filed.  The July 14, 2014 letter from Defendant's counsel to Probation attaching the stipulation entered into by the Defendant and the United States indicates that because the United States did not oppose the downward variance of two levels, "To the extent that this downward variance of two levels is granted by this Court, the defendant agrees not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the two-level reduction, in the event the two-level reduction is adopted and made retroactive by the United States Sentencing Commission."  (Opp. Br. Ex. B at 3.)

8